UNITED STATES of America, Appellee,

v.

Jaime FELICIANO; Julio Gomez, also known as "J"; Manuel Ortiz, also known as "Hippy"; Jose Zapatero, also known as "Pepe"; Guillermo

Sanchez; David Prieto, also known as "Scarface"; Ignacio Lopez, also known as "JuJo"; George Brown, also known as "China"; Jonathan Perez, also known as "G"; Felipe Padilla; Mario Milan, also known as "Burt"; Reynaldo Castillo, also known as Money Ray; Jose Mario Perez, also known as Molina; Louie Perez; George Villegas; Carmen Colon, also known as Pilar, Defendants,

Carlos Gomez, also known as Carlito and José Negron, Defendants–Appellants.

Nos. 00–1525(L), 00–1811(Con).

United States Court of Appeals, Second Circuit.

Nov. 21, 2001.

Anthony N. Iannarelli, Jr., New York, NY, for appellant Gomez.

John W. Mitchell, New York, NY; David S. Greenfield, New York, NY, on the brief, for appellant Negron.

I. Bennett Capers, Assistant United States Attorney, New York, NY; Christine H. Chung, Assistant United States Attorney, on the brief, for Mary Jo White,

United States Attorney for the Southern District of New York, for appellee.

Present CARDAMONE,
McLAUGHLIN and SOTOMAYOR,
Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge* ), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the judgment of the district court is AFFIRMED IN PART AND VACATED IN PART.

Defendants Carlos Gomez and José Negron appeal from judgments of conviction entered by the United States District Court for the Southern District of New York (Stein, *J.*). After a jury trial, defendant Gomez was found guilty of two counts of racketeering in violation of 18 U.S.C. § 1962, one count of conspiracy to distribute one kilogram or more of heroin and cocaine in violation of 21 U.S.C. § 846, and one count of carrying or using a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). Defendant Gomez was sentenced principally to a term of life imprisonment plus five years. Defendant Negron was found guilty of one count of conspiring to distribute one kilogram. or more of heroin and cocaine in violation of 21 U.S.C. § 846 and was sentenced principally to a prison term of 120 months. Both convictions stemmed from defendants' participation in a racketeering enterprise known as the Westchester Avenue Crew, which was allegedly led by Gomez.

■ On appeal, defendant Gomez argues that, under Fed.R.Evid. 404(b), the district court improperly admitted evidence concerning both a predecessor and splinter drug dealing enterprise not specifically related to the enterprise charged in the indictment. He maintains that the admission of this unrelated evidence was highly prejudicial because it portrayed him to the jury as an "unsavory drug dealer" and thus naturally guilty of the charged offenses. We review a district court's decision to admit evidence under Rule 404(b) for abuse of discretion. *United States v. Williams*, 205 F.3d 23, 33 (2d Cir.2000). It is well-established under the law of this circuit that evidence may be admitted under Rule 404(b) to, *inter alia*, "inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed," *id.* at 33–34, and we believe the evidence at issue here, particularly that of the predecessor group, fell well within that description. Moreover, the conduct revealed in those conversations was no more serious or sensational than the crimes charged, there was no undue prejudice, and the district court, as requested, gave a proper limiting instruction. *See id.* at 34. Given these · factors, the district court did not abuse its discretion in admitting into evidence the drug trafficking activities of these two groups.

■ Defendant Negron argues that the district court erred in denying his motion for severance. Specifically, he claims that being tried with Gomez, who was charged in all fifteen counts, among which included charges of murder in aid of racketeering activity and the use of weapons to commit crimes of violence, resulted in unfairly prejudicial spillover. The granting or denial of a severance motion is "committed to the sound discretion of the trial judge" and is "virtually unreviewable" absent a showing of prejudice that amounts to a miscarriage of justice. *United States v. Diaz,*

176 F.3d 52, 102 (2d Cir.1999). Here, Negron is unable to make such a showing for, among other reasons, the jury's acquittal of co-defendant José Perez, who, like Negron, was charged only on count fifteen of the indictment, illustrates that the jury was able to distinguish the evidence relating to the different counts and different defendants.

Negron also argues that the government made improper and prejudicial statements during its rebuttal summation—e.g., characterizing various defense arguments as "sickening" and "outrageous." "Remarks of the prosecutor in summation do not amount to a denial of due process unless they constitute 'egregious misconduct.'" *United States v. Shareef*, 190 F.3d 71, 78 (2d Cir.1999) (quoting *Donnelly v. De-Christoforo*, 416 U.S. 637, 647, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). While the aforementioned remarks made by the prosecution were undoubtedly improper and unnecessary, they did not, in our opinion, rise to this level.

Finally, Negron claims that the district court improperly considered itself bound by the jury's determination that the overall conspiracy charged in count fifteen involved more than one kilogram of heroin; as a result, he claims, the court improperly sentenced him to the mandatory minimum ten-year term under 21 U.S.C. § 841(b)(1)(A). Our case law is clear that an individual defendant in a drug conspiracy may only be held responsible, under 21 U.S.C. § 846, for the drug quantity which was reasonably foreseeable to that defendant. *United States v. Martinez*, 987 F.2d 920, 925–26 (2d Cir.1993). Although the government argues in opposition to Negron's appeal that the district court adopted the factual findings of the Presentence Report as to drug quantity (and that these were sufficient to invoke the ten-year minimum), we find that Judge Stein's comments at sentencing indicate that he felt himself bound by the jury's finding in this regard and, if so, this was error. At the very least, we find the district court's comments ambiguous enough that we cannot risk letting the sentence stand without a clearer statement. *See United States v. Thorpe*, 191 F.3d 339, 342 (2d Cir.1999). We therefore vacate Negron's sentence and remand so that the district court may determine, pursuant to *Martinez* and its progeny, the drug quantity with which Negron may be held responsible notwithstanding the jury's findings, and to resentence Negron accordingly.

We have considered all of the other arguments made by defendants, including those in Gomez's supplemental *pro se* submission, and find them to be without merit. The judgment of the district court with respect to defendant Gomez is affirmed in its entirety. As to defendant Negron, we affirm the conviction but vacate and remand for resentencing consistent with this opinion.